## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
(212) 856-9600

June 4, 2026

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

*[Handwritten: Granted. Status letter regarding initiation of arbitration proceedings is due 7/17/26.*
*/s/ Denise Cote*
*6/5/26]*

**BY ECF & U.S. MAIL**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Compass Lexecon LLC v. Sung Kook (Bill) Hwang,*
       No. 26 Civ. 2865 (S.D.N.Y.) (DLC)

Dear Judge Cote:

I represent defendant Bill Hwang in the above-captioned action. By way of background, Plaintiff Compass Lexecon LLC alleges in its complaint (ECF No. 1) that Mr. Hwang failed to pay for professional services rendered by Compass Lexecon pursuant to a letter agreement dated June 1, 2023 (the "Letter Agreement"). (Compl. ¶ 1.) The complaint includes claims for breach of contract and account stated. (*See generally* Compl.)

The Letter Agreement contains a mandatory arbitration clause, which provides that "any dispute or controversy that arises from th[e] engagement, including any dispute or controversy relating to the fees and expenses billed under th[e] agreement, that cannot be resolved by the parties shall be submitted to arbitration."

In accordance with the mandatory arbitration clause, with Plaintiff's consent, I write respectfully to request that the Court stay the case, including the deadline for Mr. Hwang to respond to the complaint, and adjourn sine die the initial conference scheduled for June 11, 2026, pending arbitration. *See* 9 U.S.C. §§ 2, 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) (Section 3 of the Federal Arbitration Act instructs courts to stay proceedings pending arbitration); *Walters v. Starbucks Corp.*, 623 F. Supp. 3d 333, 399 (S.D.N.Y. 2022) (Cote, J.) (granting motion to compel and staying case pending arbitration); *Ponder v. Prosper Marketplace, Inc.*, 2026 WL 1346292 (S.D.N.Y. May 14, 2026) (Cote, J.) (same).

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

Hon. Denise L. Cote
June 4, 2026
Page 2 of 2

I have spoken with counsel for Plaintiff, who informed me that Plaintiff agrees that the Letter Agreement's arbitration clause applies and Plaintiff consents to a stay of all deadlines in this matter pending resolution of the arbitration.

In addition, pursuant to the Court's Order dated April 22, 2026 (ECF No. 6), enclosed as Exhibit A, please find Plaintiff's complaint dated April 8, 2026.

Respectfully submitted,

*/s/ Brian A. Jacobs*
Brian A. Jacobs

Enclosure